419 F.2d 688
 TEAMSTERS LOCAL UNION NO. 328, Affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Wittock Supply Company, Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
WITTOCK SUPPLY COMPANY, Respondent.
 No. 21913.
 No. 21977.
 United States Court of Appeals District of Columbia Circuit.
 Argued September 24, 1969.
 Decided November 6, 1969.
 
 Mr. Gerry M. Miller, Milwaukee, Wis., of the bar of the Supreme Court of Wisconsin, pro hac vice, by special leave of court, with whom Mr. David Leo Uelmen, Milwaukee, Wis., was on the brief, for petitioner in No. 21,913. Mr. Herbert S. Thatcher, Washington, D. C., also entered an appearance for the petitioner in No. 21,913.
 Mr. Robert E. Williams, Attorney, National Labor Relations Board, of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, were on the brief for intervenor in No. 21,913 and respondent in No. 21,977. Mr. John Luis Antonio De Passalacqua, Attorney, Office of General Counsel, National Labor Relations Board, also entered an appearance for respondent in No. 21,977.
 Mr. Russ R. Mueller, Milwaukee, Wis., for intervenor in No. 21,913 and respondent in No. 21,977. Mr. Walter S. Davis, Milwaukee, Wis., was on the brief for intervenor in No. 21,913 and respondent in No. 21,977.
 Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN, Circuit Judge.
 PER CURIAM:
 
 
 1
 These review proceedings under the National Labor Relations Act are before us on the Union's petition for modification of the Board's order and on the Board's application for its enforcement. The employer challenges the Board's findings of violations of Section 8(a) (1), (3), and (5) of the Act and its resultant bargaining and "make-whole" order. The Union seeks (1) a finding of an 8(a) (1) violation by reason of the employer's alleged treatment of the employee Grunlund, and (2) an expansion of the remedial provisions of the Board's order to include reinstatement of the working conditions changed unilaterally by the employer. We find no warrant for interference with the Board's dispositions on either score.
 
 
 2
 * We have carefully reviewed the record before us and find the Board's decision with reference to violations by the employer of Section 8(a) (1), (3), and (5) supported by substantial evidence. Accordingly, we grant enforcement in No. 21,977; and we affirm the Board's disposition of the Grunlund matter in No. 21,913. See Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).
 
 II
 
 3
 In the course of this dispute, the employer instituted unilaterally several changes in working conditions, including foregoing a Christmas bonus, one-day layoffs per week for two truck drivers, and a reduction in working hours (and consequent loss of overtime) for most employees in the bargaining unit. The Trial Examiner found violations of Sections 8(a) (5) and (1) in these actions, but ordered no affirmative relief. The Board modified the Examiner's decision, ordering that, until the successful completion of bargaining or the reaching of a bargaining impasse, the affected employees be compensated at levels existing prior to the unilateral changes. The Union asserts that this remedy is insufficient in that the Board should have ordered reinstatement of the pre-existing working conditions.[1]
 
 
 4
 We begin, as we must, with full respect for the wide discretion traditionally accorded the Board in fashioning remedies. Fibreboard Paper Products Corp. v. N. L. R. B., 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233, 6 A.L.R.3d 1130 (1964); United Steelworkers of America v. N. L. R. B. (Stanley-Artex), 130 U.S.App.D.C. 369, 401 F. 2d 434 (1968). The remedy ordered here, as against the employer's complaint, plainly involves no abuse of that discretion, although it entailed payment by the employer, retroactively and for the indefinite future, for time not worked. The Union, however, asserts that the Board has evolved a policy of restoring fully the status quo in cases involving unilateral changes of this nature. Where such restoration is not made, it is argued, the Board is required at the least to explain its decision more fully than it did here.
 
 
 5
 We are unpersuaded of the necessity of returning this case to the Board. Here the Board enlarged substantially the Examiner's remedy, justifying each element of its grant of additional relief by a careful analysis of its own decisions. We cannot find an abuse of discretion in the Board's failure fully to set out reasons for not providing a possible further element of relief.[2] It is true that the Board has elsewhere explained fully a denial by it of complete restoration. See Cities Service Oil Co., 158 N.L.R.B. 1204 (1966). But such explanations have accompanied only decisions limiting a broad remedy by the Examiner. Where the relief suggested by the Examiner is deemed inadequate, and a substantial expansion of the remedy by the Board is fully supported in its opinion, explanations as to why it did not go further are less critical.
 
 
 6
 No. 21,913 — affirmed.
 No. 21,977 — enforced.
 
 
 
 Notes:
 
 
 [1]
 No violation of § 8(a) (3) was found by the Board and we do not disturb that decision here. Consequently, it is unnecessary to consider whether a different remedy would be appropriate if antiunion motivations had been found to have prompted the employer's acts
 
 
 [2]
 Some of the confusion is admittedly engendered by the Board's decision which implies at one point thatstatus quo relief is being granted. Standing alone, that term is ambiguous. The status quo, in the sense of making the workers financially whole for the lost time, was restored. It fell short of being the status quo in the sense of immediate reversion to the prior terms, that being left to the bargaining process. But the Board is the primary judge of how far it must go in shaping remedies and, bearing in mind that the bargaining was not to be done on the employees' time and that the changes made were not of such a nature as to make their restoration present insuperable difficulties, we may properly uphold, without further rationalization, the exercise of discretion as to remedy invoked here.
 
 
 WILBUR K. MILLER, Senior Circuit Judge:
 
 7
 I concur in the affirmance of No. 21,913, but I dissent from the action of the majority in No. 21,977, as I would deny enforcement.
 
 
 8
 BAZELON, Chief Judge (concurring and dissenting):
 
 
 9
 I agree that No. 21,977 should be enforced. I would remand No. 21,913 to the Board for a statement of reasons.
 
 
 10
 After Fibreboard Paper Products Corp. v. N. L. R. B., 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233, 6 A.L.R.3d 1130 (1964), the Board seems to have treated unilateral changes as normally requiring complete restoration of the status quo ante, e. g. A-1 Excelsior Van & Storage Co., 165 N.L.R.B. No. 45 (1967), whether or not the changes were violations of § 8(a) (3). Compare C & S Industries, Inc., 158 N.L.R.B. 454 (1966). When the Board has not ordered reestablishment of the illegally discontinued practice, it has given reasons for not so ordering. Jersey Farms Milk Service, 148 N.L.R.B. 1392 (1964); Cities Service Oil Co., 158 N.L.R.B. 1204 (1966). In the present case, the Board discussed at some length the reasons why the status quo should be restored and concluded that the employer should not "be permitted to benefit from its unlawful conduct."[1] It then proceeded to order less than full restoration.
 
 
 11
 It may well be that the Board, after its experience under the Fibreboard line of cases, has now concluded that in the usual case only back pay and bargaining need be ordered, and that full restoration should be the exception rather than the rule. I do not mean to imply that this conclusion would be unreasonable. But if this is the Board's present position, or if special circumstances in this case make full restoration of the status quo inappropriate, I think the Board should say so.
 
 
 
 Notes:
 
 
 [1]
 Decision and Order, 171 N.L.R.B. No. 33, at 7 (1968)